UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT HOULE,

                Plaintiff,

                                    Case No. 14-CV-14654

vs.

                                      HON. GEORGE CARAM STEEH

GREEN TREE SERVICING, LLC,

                Defendant.

_____/

<u>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [DOC. 2]</u>

Plaintiff Scott Houle executed a Note and Mortgage in the amount of $99,800.00 in favor of ABN AMRO on July 5, 2003.  The mortgage was later assigned to Bank of America, and then re-assigned to defendant Green Tree Servicing LLC via an assignment of mortgage recorded June 3, 2013.  Plaintiff defaulted on his payments under the note.  Defendant offered plaintiff an opportunity to apply for a loan modification, which plaintiff claims he submitted on January 30, 2014.  Attached to the complaint is a letter dated May 20, 2014, wherein defendant acknowledges receipt of the loan modification package and a statement that the file is being reviewed.  Plaintiff alleges that he contacted defendant on May 24, 2014, and was told by a representative that his assistance request was denied for failure to make trial modification payments on time.  Plaintiff claims he had no notice of any approved trial payment plan.  Plaintiff was also told that his home was sold at Sheriff's sale on May 21, 2014.

Plaintiff filed his complaint in state court on November 16, 2014.  Plaintiff's complaint contains four counts: Count I - a request to set aside the foreclosure sale

-1-

because defendant acted in bad faith by not responding to plaintiff's request for a loan modification; Count II - breach of MCL 600.3205c by failing to determine plaintiff's eligibility for a loan modification; Count III - Real Estate Settlement Procedures Act ("RESPA") violations for failing to evaluate plaintiff's loss mitigation options and failing to provide written notice of which options, if any, would be offered; and Count IV - negligence for not reviewing or properly responding to plaintiff's loan modification request. Defendant removed the case to federal court on December 9, 2014, invoking this court's federal question jurisdiction.

Defendant filed a motion to dismiss for failure to state a claim under Rule 12(b)(6). In the alternative, defendant seeks summary judgment, and has attached many letters and documents as exhibits to its motion. A Rule 12(b)(6) analysis generally forbids a court from considering documents outside the pleadings. One exception is when "a document is referred to in the complaint and is central to the plaintiff's claim . . ., the defendant may submit an authentic copy to the court to be considered on a motion to dismiss." *Greenberg v. Life Insurance Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999). *Greenberg* involved a dispute over the payment of a life insurance policy. This case involves what happened after plaintiff defaulted on a note secured by his mortgage. If the mortgage or note was relevant to the dispute, the court would be able to consider such documents under the reasoning of *Greenberg*. However, the various letters and other communications defendant attaches to its motion are not analogous to an insurance policy or contract. The attachments are unsigned, there is no way for the court to know if defendant sent and plaintiff received the letters,

plaintiff has not had a chance to question anybody with regard to the letters, and they only give one side of the story.

Therefore, the court will not consider the attachments to defendant's motion, and will treat the motion as a motion to dismiss under Rule 12(b)(6).

<u>RULE 12(b)(6) DISMISSAL STANDARD</u>

Rule 12(b)(6) allows the Court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted.  Under the Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007), the Court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims.  "[N]aked assertions devoid of further factual enhancement" are insufficient to "state a claim to relief that is plausible on its face".  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (*quoting Bell Atlantic*, 550 U.S. at 555) (citations and quotations omitted).  Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Id.* (*citing Bell Atlantic*, 550 U.S. at 555).

-3-

<u>ANALYSIS</u>

I. <u>Claims for Relief Seeking to Set Aside Foreclosure Sale</u>

In Count I, plaintiff seeks to have the foreclosure sale set aside because defendant allegedly acted in bad faith by not responding to plaintiff's request for a loan modification.  Plaintiff believes he may still qualify for a loan modification which would enable him to save his house.  However, Michigan law does not recognize an independent cause of action for bad faith.  *Fodale v. Waste Management of Michigan, Inc.*, 271 Mich. App. 11, 35 (2006).

In Count IV, plaintiff claims that despite receiving a completed modification package in January of 2014, which plaintiff updated every month, defendant was negligent in never reviewing or properly responding to the loan modification request.  Plaintiff relies on defendant's duties under federal law, specifically HAMP, to support his state law claim of negligence, citing to *Mik v. Federal Home Loan Mortgage Corp.*, 743 F.3d 149 (6th Cir. 2014).  While recognizing that a federal statute, even one that does not provide for a private right of action under federal law, can be used to establish a state law cause of action, defendant correctly points out that plaintiff must still show prejudice.  See *Kim v. JP Morgan Chase Bank, N.A.*, 493 Mich. 98 (2012).  Plaintiff must show that he would have been in a better position to preserve his interest in the property absent the alleged noncompliance with the cited federal statute.  The problem for plaintiff in this case is that even if defendant had properly reviewed plaintiff's loan modification application, and even if plaintiff qualified for a loan modification, the lender is not required to provide one.  Without such a requirement, plaintiff cannot demonstrate prejudice.

-4-

Therefore, defendant's motion to dismiss plaintiff's bad faith (Count I) and negligence (Count II) claims is granted.

II.  <u>Claim for Relief for Violations of MCL 600.3205c</u>

In Count II, plaintiff claims that defendant failed to determine his eligibility for a loan modification under the requirements of MCL 600.3205c. This statute was repealed effective June 30, 2013, MCL 600.3205e, which was before the events cited in support of plaintiff's complaint occurred.  Even when the statute was in effect, a borrower's only recourse in the event of a violation of the statute was to seek an injunction to convert the action from a foreclosure by advertisement to a judicial foreclosure.  MCL 600.3205c(8).  Courts addressing the statute when it was in effect routinely held that the statute did not require a lender to modify a borrower's loan and it did not provide a basis for setting aside a statutory foreclosure.  See, *Powell v. Bank of New York Mellon*, 2014 WL 3420780, at 7-8 (E.D. Mich. 2014).

Defendant's motion to dismiss Count II for failure to state a claim is granted because MCL 600.3205c has been repealed.

III.  <u>Claim for RESPA Violations</u>

Borrowers have a private right of action against lenders who evaluate a loss mitigation application while at the same time pursuing foreclosure.  This is what plaintiff alleges defendant has done by failing to review his loss modification application prior to completing the foreclosure of his mortgage by selling his home at sheriff's sale.  The Consumer Financial Protection Bureau enacted 12 CFR 1024.41, which requires, through a variety of protections and mandated procedures, that servicers provide borrowers an opportunity to submit a completed loan modification application before

-5-

pursuing foreclosure. Subsection (a) allows an individual borrower to recover damages for a violation of the rule consistent with Sec. 6(f) of RESPA. That provision of RESPA allows the recovery of actual damages resulting from a servicer's failure to follow the rule, plus the borrower's costs and attorney fees incurred in bringing the action.

However, the regulation expressly states that the loss mitigation rule shall not be construed to impose certain duties or agreements on a servicer with regard to offering a loss mitigation option:

> Nothing in §1024.41 imposes a duty on a servicer to provide any borrower with any specific loss mitigation option. Nothing in §1024.41 should be construed to create a right for a borrower to enforce the terms of any agreement between a servicer and the owner or assignee of a mortgage loan, including with respect to the evaluation for, or offer of, any loss mitigation option or to eliminate any such right that may exist pursuant to applicable law.

12 CFR 1024.41(a).

In addition, a servicer is only required to follow the procedures described in the loss mitigation rule for a single complete loss mitigation application.  12 CFR 1024.41(l). Therefore, a borrower may not bring an action for violation of the loss mitigation rule if the borrower has previously availed himself of the loss mitigation process. The rule does not require that the borrower actually received a loan modification; rather, it merely requires that a completed application be properly processed and considered.

Plaintiff cites to the language of the RESPA statute and CFPB regulations and alleges that defendant violated each of the regulations by not evaluating his completed loan modification package within the time period required by the regulation, and by not notifying plaintiff in writing what loan modification option it would offer, or the reason for

the denial of any options.  Due to the alleged violations, plaintiff seeks to have the foreclosure sale set aside, to have his loan modification properly evaluated, and to recover damages under RESPA.  The principal relief sought by plaintiff - to set aside the sheriff's sale - is unavailable to him under RESPA.  See 12 CFR 1024.41 (providing that the provisions of this section may be enforced under 12 U.S.C. § 2605(f), which authorizes monetary damages only; specifically, actual damages resulting from RESPA violation and, in the case of "a pattern or practice of noncompliance," statutory damages not to exceed $2000).  See *Servantes v. Caliber Home Loans, Inc.*, 2014 U.S. Dist. LEXIS 170667 (E.D. Mich. Dec. 10, 2014).  In order to seek monetary damages for a RESPA violation, plaintiff is required to make damage allegations, which are absent in this plaintiff's complaint.  *Drew v. Kemp-Brooks*, 802 F. Supp.2d 889, 898 (E.D. Mich. 2011).

Defendant's motion to dismiss the RESPA claim is granted without prejudice. Plaintiff makes a general claim for monetary damages, which are available in the case of a RESPA violation as set forth in the statute, 12 U.S.C. § 2605(f)(1).  However, plaintiff has not identified any actual damages suffered by him that can be linked to defendant's alleged RESPA violations.  Nor did plaintiff seek to amend his complaint to make such allegations.  If plaintiff believes he has suffered actual damages that are recoverable under the statute, the court will consider a motion to reopen the case under an amended complaint.

-7-

<u>CONCLUSION</u>

For the reasons stated in this opinion, defendant's motion to dismiss is

GRANTED as to Counts I, II and IV and GRANTED WITHOUT PREJUDICE as to the

RESPA violation in Count III.

Dated:  April 23, 2015

<u>s/George Caram Steeh</u>
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 23, 2015, by electronic and/or ordinary mail.

<u>s/Marcia Beauchemin</u>
Deputy Clerk

---

-8-